**Artis MILLER, Plaintiff,**

v.

**KANSAS CITY TERMINAL RAILWAY COMPANY, Defendant. (Two Cases)**

Nos. 89–0233–CV–W–JWO, 89–0234–CV–W–JWO.

United States District Court, W.D. Missouri, W.D.

March 19, 1990.

Sammie Edwards, Kansas City, Mo., for plaintiff.

Jack D. Rowe, Brian N. Woolley, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDERS ON MOTION FOR SUMMARY JUDGMENT

JOHN W. OLIVER, Senior District Judge.

### I

This case pends on defendant's motions for summary judgment in both of the above-captioned cases. Following a pretrial conference held on December 18, 1989, the parties submitted, for both cases, a stipulation of facts and agreed briefing schedule on defendant's motions for summary judgment. The Court has considered defendant's motions and suggestions in support, plaintiff's suggestions in opposition and defendant's reply suggestions. The Court concludes that an order should be entered granting defendant's motions for summary judgment in both cases for the reasons stated below.

### II

In the stipulation of facts filed herein on January 16, 1990, the parties stipulated to the following relevant facts:

1. Defendant is a Missouri railroad corporation with its principal place of business in Kansas City, Missouri.

2. Plaintiff is a black male born December 10, 1932 and is presently employed by defendant in the janitorial craft.

3. The position held by plaintiff is covered by a collective bargaining agreement between defendant and the Brotherhood of Railway, Airline and Steamship Clerks (BRAC). Plaintiff is a member of BRAC.

4. The security guard position at defendant KCT is not covered by any collective bargaining agreement.

5. No security guard opening was posted by defendant KCT in 1987, nor did plaintiff apply for any such position in 1987. Defendant has no record of plaintiff's application for security guard position and plaintiff has not applied for any such position since approximately 1979.

6. An agreement between BRAC and defendant railroad, dated April 15, 1986, governs wage rates, increases and lump sum payment to BRAC members and was in effect in July 1986 and December 1987 and governed plaintiff's wage rate.

7. Plaintiff has not been denied any increase to which he was entitled under the terms of the agreement described in paragraph 6 above. Plaintiff has received all pay and other benefits to which he is entitled.

### III

#### A.

In its suggestions in support of summary judgment, defendant states that these two

actions raise three issues for determination by this Court. Plaintiff has not objected to the framing of these issues by defendant. Those issues which the Court agrees are determinative of plaintiff's claims are as follows:

1. Whether plaintiff was denied assignment to a security guard position in 1987 and if so, whether the denial was because of his age.

2. Whether plaintiff was denied assignment to a security guard position in 1987 and if so, whether the denial was because of his race.

3. Whether plaintiff was denied a wage increase in July 1986 or December 1987 and if so, whether the denial was because of his race.

■ Defendant contends in its suggestions in support of motion for summary judgment that no genuine issue of material fact exists as to plaintiff's claims and that, under Rule 56, Fed.R.Civ.P., defendant is entitled to judgment as a matter of law. We agree.

Defendant's factual allegations are supported by the joint stipulation filed by the parties and by the affidavit of Michael R. Wenninghoff, Manager of Administration for defendant railroad, which was submitted with defendant's motion for summary judgment.

Plaintiff's suggestions in opposition contend that a genuine issue of material fact does exist as to plaintiff's claims, but supports his position with nothing more than an allegation that "plaintiff maintains that there was a position open ... which he applied for" and "[n]owhere in the Plaintiff's pleadings ... has ... Plaintiff's conceded that there was no job as a security guard available [nor that] he did not apply for said position."

Plaintiff, however, has presented no depositions, interrogatory answers, admissions or affidavits to refute defendant's motion and supporting documentation, but instead relies merely on allegations made in his pleadings.

## B.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff in this case has failed completely to make such a showing in his response to defendant's motion for summary judgment. Plaintiff has merely rested on the allegations in his pleadings, without coming forward with evidence of any kind, whether by affidavit or otherwise, as required by Rule 56(e), Fed. R.Civ.P., which requires the adverse party to set forth specific facts showing that there is a genuine issue for trial. Where the adverse party fails to present such data, "summary judgment, if appropriate, shall be entered against the adverse party." Rule 56(e), Fed.R.Civ.P. Therefore, if pertinent law applied to defendant's factual allegations and the parties' joint stipulation of facts support defendant's contention that summary judgment is appropriate, defendant is entitled to summary judgment as a matter of law.

## C.

Defendant states with respect to issues one and two described above, that no security guard vacancy existed at the railroad in 1987, the time in which plaintiff alleges he was denied the position. This statement is supported by the Wenninger affidavit and, in fact, plaintiff stipulated that no security guard opening was posted by defendant and that he did not apply for any such position in 1987. Stip., ¶ 6. In order to establish a claim of age or race discrimination, plaintiff must produce evidence of each element of a prima facie case. *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff in this case alleges that he failed to receive a job assignment because of racial and age discrimination. He must, therefore, establish that the position was

vacant at the time he sought it. 411 U.S. at 802, 93 S.Ct. at 1824 (one element of racial discrimination prima facie case established by showing that plaintiff applied for a job for which the employer was seeking applicants). *See also, Bell v. Bolger,* 708 F.2d 1312 (8th Cir.1983) (*McDonnell Douglas* prima facie case standards and analysis apply to age discrimination suit).

Plaintiff in this case has not only failed to establish that a vacancy existed and that he applied for it, but has stipulated that no posting of a vacancy was made and that he in fact made no application for any such position since "approximately 1979." Stip., ¶ 6. There is thus no genuine issue of disputed fact concerning the issue of whether plaintiff was denied a position as a security guard during 1987 because of illegal discrimination based upon race or age. We find and conclude that under Rule 56(a), Fed.R.Civ.P., defendant is entitled to judgment as a matter of law. Moreover, plaintiff has failed to present any evidence whatsoever outside the pleadings filed in the case which establish any disputed fact material to determination of the issue. An order therefore will be entered granting defendant's motions for summary judgment on issues one and two described above in part II–A.

### D.

■ Defendant contends with respect to issue three regarding denial of wage increases, that plaintiff has been fully compensated according to the terms of the April 15, 1986 agreement between BRAC and defendant railroad. According to the terms of that agreement, plaintiff, as a member of the Janitor Craft, was entitled to lump sum payments in 1986, 1987 and 1988 in lieu of a general wage increase. Stip., Exh. A at 15–16.

Plaintiff stipulated that the agreement was in effect in July 1986 and December 1987 and governed plaintiff's wage rate. Stip., ¶ 7. Further, plaintiff stipulated that he had not been denied any increase provided for in the agreement and he had received all pay and other benefits to which he was entitled. Stip., ¶ 8. Because of the stipulated facts and plaintiff's failure to address the issue of wage increase at all in his suggestions in opposition to defendant's motion for summary judgment, there is no genuine issue of disputed fact as to the issue of wage increase and defendant is entitled to judgment as a matter of law on issue three described in II–A above. An order will be entered granting defendant's motion for summary judgment on issue three.

Accordingly, it is

ORDERED (1) that defendant's motion for summary judgment in case No. 89–0233–CV–W–JWO as to the issue of plaintiff's claim of unlawful racial discrimination and as to the issue of plaintiff's claim of salary increase denials should be and the same is hereby granted. It is further

ORDERED (2) that defendant's motion for summary judgment in case No. 89–0234–CV–W–JWO as to the issue of plaintiff's claim of unlawful age discrimination should be and the same is hereby granted. It is further

ORDERED (3) that the Clerk shall enter final judgment for defendant and against plaintiff in both cases on separate documents, in accordance with Rule 58 of the Federal Rules of Civil Procedure, that will reflect the orders above entered.